ORDERED UNSEALED on 03/04/2024   s/ danielmar

**FILED**
Feb 29 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ GloriaVocal   DEPUTY

~~SEALED~~
s/ Daniel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL HART,<br><br>　　　　　　Defendant. | Case No. '24 CR0383 JM<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 371- Conspiracy; Title 18, U.S.C., Sec. 545-Importation Contrary to Law; Title 18, U.S.C., Sec. 545- Sale of Merchandise Imported Contrary to Law; Title 18, U.S.C., Secs. 982(a)(2)(B)- Criminal Forfeiture |

　　The grand jury charges:

INTRODUCTORY ALLEGATIONS

　　1.　The Montreal Protocol on Substances that Deplete the Ozone Layer ("Montreal Protocol") is a treaty adopted in 1987 and ratified by virtually every country on earth. In the United States, the Montreal Protocol was implemented in 1990 by the addition of Subchapter VI to the Clean Air Act, which covers Stratospheric Ozone Protection (42 U.S.C. §7671 et seq). In Section 7671a(b) of the statute, HCFC 22 is included on the list of Class II ozone depleting substances. Section 7413(c)(1) of the Clean Air Act prohibits knowingly violations of any requirement

MKP:cms:San Diego:2/28/24

or prohibition relating to stratospheric ozone control found in Subchapter VI.

2. Pursuant to the Environmental Protection Agency ("EPA") regulations that govern ozone depleting substances, on January 21, 2003, it became unlawful for anyone to import a Class II ozone depleting substance during a calendar year in an amount in excess of the consumption allowance held by that person, unless the substances were for use in a process involving their transformation or destruction. 40 CFR Sec. 82.15(b)(1).

3. On January 1, 2020, all consumption allowances for HCFC 22 were eliminated and it became unlawful to import HCFC 22 for any purpose other than for use in a process resulting in their transformation or their destruction. 40 CFR § 82.16(e)(1). No person may sell or distribute, or offer for sale or distribution, any class II substance that they know, or have reason to know, was imported in violation of this section, except for such actions needed to re-export the controlled substance. 40 CFR § 82.15(g)(8).

4. The Kigali Amendment to the Montreal Protocol, effective on January 1, 2019, is another international agreement designed to phase down the production and consumption of greenhouse gases such as hydrofluorocarbons ("HFCs"). HFCs are commonly used alternatives to ozone depleting substances which are already controlled under the Montreal Protocol.

5. The American Innovation and Manufacturing ("AIM") Act, 42 U.S.C. § 7675 et seq., was enacted by Congress on December 27, 2020, and

authorized the EPA to phase down the production and consumption of HFCs. As part of the AIM Act, Congress added an additional list of regulated substances, at 42 U.S.C. § 7675(c)(1), which include HFC 32, HFC-125, HFC-134, HFC-134a, HFC 143 and HFC 143a. Refrigerants marketed as HFC 404a, 407a, 407c and 410a contain these regulated substances.

6. Congress directed the EPA to devise a schedule to phase out the production and consumption of these regulated substances, and stated that any such rules or regulations promulgated by the EPA were to be enforceable under Section 7413 of the Clean Air Act as if they had been expressly included in Subchapter VI (Section 7671, which relates to ozone depleting substances). 42 USC § 7675(k)(1)(C).

7. Beginning on January 1, 2022, EPA regulations prohibit any person from importing bulk regulated substances (HFCs), except by expending, at the time of import, a consumption or application-specific allowance issued by the EPA. 40 C.F.R. § 84.5(b). No person may sell or distribute, or offer for sale or distribution, any regulated HFC that was imported illegally. 40 CFR § 84.5(f).

8. At all times relevant herein, defendant MICHAEL HART did not have a consumption allowance that would permit him to import regulated HFCs into the United States.

Count 1

Title 18 U.S.C. 371-Conspiracy

9. Paragraphs 1-8 of the Introductory Allegations are incorporated herein as if set forth in full.

3

10. Beginning on or about at least as early as June 26, 2022, and continuing up to and including at least as late as December 18, 2022, within the Southern District of California and elsewhere, defendant MICHAEL HART did knowingly and intentionally conspire with others to:

a. violate a requirement and prohibition of Section 7671 of Title 42 of the United States Code, in violation of Title 42, United States Code, Sections 7671 and 7413;

b. violate a requirement and prohibition of Section 7675 of Title 42 of the United States Code, in violation of Title 42, United States Code, Sections 7675 and 7413;

c. import merchandise contrary to law, in violation of Title 18, United States Code, Section 545;

d. sell and facilitate the transportation and sale of merchandise after importation, knowing the merchandise to have been imported contrary to law, in violation of Title 18, United States Code, Section 545; and

e. being a person in charge of a vehicle, intentionally fail to present merchandise immediately upon the arrival of the vehicle in the United States at a border crossing point for inspection by a customs officer, in violation of Title 19, United States Code, Sections 1433 and 1436.

11. As a method and means of the conspiracy, defendant HART communicated with co-conspirators in Mexico to arrange for the purchase of HCFC 22, and other refrigerants containing HFC 32, HFC125, HFC134, HFC134a, HFC 143 and HFC 143a.

12. As a further method and means of the conspiracy, defendant HART communicated with co-conspirators in the United States, who placed orders for the refrigerants, and purchased them from HART.

13. As a further method and means of the conspiracy, defendant HART smuggled the refrigerants into the United States in his vehicle.

14. As a further method and means of the conspiracy, defendant HART offered the refrigerants for sale via OfferUp, Facebook Marketplace and other internet sites.

## OVERT ACTS

The following overt acts in furtherance of the conspiracy were committed within the Southern District of California and elsewhere:

a. On or about June 26, 2022, in San Diego, California, defendant HART advised a co-conspirator that his "gas" was at an address in San Diego.

b. On or about July 21, 2022, in Tijuana, Mexico, a co-conspirator purchased a cylinder of Aquion 410A and a cylinder of Genetron 22 refrigerant (which contains HCFC 22) at the request of defendant HART.

c. On or about September 1, 2022, in San Diego, defendant HART sold two cylinders of 404A and one cylinder of 134a refrigerant.

d. On or about September 14, 2022, in San Diego, defendant HART transferred $620 for the purchase of refrigerants to a co-conspirator in Mexico.

e. On or about October 3, 2022, in Tijuana, Mexico, a co-conspirator purchased ten cylinders of Freon 404A refrigerant at the request of defendant HART.

5

    f.    On or about October 3, 2022, in San Diego, in response to an inquiry from a customer about the availability and quantity of 401A and R 22 refrigerants, defendant HART sent a message that said, "I can get 15 to 20 tanks per week, R 22 410 the same."

    g.    On or about October 7, 2022, in San Diego, defendant HART sold two cylinders of 404A, two cylinders of 410A, two cylinders of R 22 and a cylinder of 407C refrigerant.

    h.    On or about October 10, 2022, in Tijuana, Mexico, a co-conspirator purchased four cylinders of Freon 407C refrigerant at the request of defendant HART.

    i.    On or about October 12, 2022, in San Diego, defendant HART sold cylinders of illegally imported R 22, 410A and R407C refrigerants.

    j.    On or about October 13, 2022, in Tijuana, Mexico, a co-conspirator purchased eleven cylinders of Freon 404A, five cylinders of Freon 407C, two cylinders of Freon 22 and one cylinder of R-410A refrigerant at the request of defendant HART.

    k.    On or about October 16, 2022, defendant HART transferred $1,000 to a co-conspirator in Mexico for the purchase of refrigerants.

    l.    On or about October 18, 2022, defendant HART entered the United States from Mexico with ten cylinders of Freon 404A concealed in his vehicle.

    m.    On or about December 15, 2022, in San Diego, defendant HART sent a message to a co-conspirator regarding the prices and quantities of refrigerants that were available for purchase.

    All in violation of Title 18, United States Code, Section 371.

## Counts 2-6

<u>Title 18, U.S.C., Sec. 545-Importation Contrary to Law</u>

15. Paragraphs 1-6 of the Introductory Allegations are incorporated herein as if set forth in full.

16. On or about the dates set forth below in Column A, within the Southern District of California, defendant MICHAEL HART knowingly imported merchandise, to wit: cylinders of regulated refrigerants, as described below in Column B, contrary to law, that is, in violation of Title 42, United States Code, Sections 7675, 7671 and 7413, and in violation of Title 19, United States Code, Sections 1433(b)(2)(B) and 1436(a)(1) and (c);

| Count | Column A (Date) | Column B (Refrigeration/Quantity) |
|---|---|---|
| 2 | 7-21-22 | 410a(1) and R22(1) |
| 3 | 10-3-22 | 404a(10) |
| 4 | 10-10-22 | 407c(4) |
| 5 | 10-13-22 | 404a(11), 407c(5), R22(2), 410a(1) |
| 6 | 10-18-22 | 404a(10) |

All in violation of Title 18, United States Code, Section 545.

## Counts 7-13

<u>Title 18, U.S.C. Sale of Merchandise Imported Contrary to Law</u>

17. Paragraphs 1-8 of the Introductory Allegations are incorporated herein as if set forth in full.

18. On or about the dates set forth below in Column A, within the Southern District of California, defendant MICHAEL HART sold

7

merchandise, to wit: refrigerant, as described in Column B, knowing the merchandise to have been imported contrary to law, that is, in violation of Title 42, United States Code, Sections 7675, 7671 and 7413, and in violation of Title 19, United States Code, Section 1433(b)(2)(B) and 1436(a)(1) and (c);

| Count | Column A (date) | Column B (Refrigerant/Quantity) |
|---|---|---|
| 7 | 9-1-22 | 404A (2) and 134a (1) |
| 8 | 9-23-22 | 404a(9) and 410a (1) |
| 9 | 9-29-22 | 404a(7), 407c(3) |
| 10 | 10-4-22 | 404a(10) |
| 11 | 10-7-22 | 404a(2),410a(2), R22(2) and 407c(1) |
| 12 | 10-12-22 | R22(20), 410a and 407c |
| 13 | 10-14-22 | 404a(15) and 410a(2) |

All in violation of Title 18, United States Code, Section 545.

## FORFEITURE ALLEGATIONS

19. Upon conviction of one and more of the charges alleged in Counts 1 through 13 of the Indictment, defendant MICHAEL HART shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 545 and 982(a)(2)(B):

(1) merchandise introduced into the United States in violation of Section 545, or the value thereof; and

(2) any property constituting and derived from any proceeds obtained directly and indirectly as a result of the commission of a violations of Section 545.

If any of the above-described forfeitable property, as a result of any act or omission of defendant MICHAEL HART:

    a. Cannot be located upon the exercise of due diligence;
    b. Has been transferred or sold to, or deposited with, a third party;
    c. Has been placed beyond the jurisdiction of the Court;
    d. Has been substantially diminished in value; or
    e. Has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) which incorporates the provisions of Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendant.

All pursuant to Title 18, United States Code, Sections 545, 982(a)(2)(B) and 982(b).

DATED: February 29, 2024.

TARA K. MCGRATH
United States Attorney

By: *[signature]*
MELANIE K. PIERSON
Assistant U.S. Attorney

9