UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

The United States Attorney charges:

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>MICHAEL HART,<br><br>          Defendant. | Case No.     24-CR-0383-H<br><br>S U P E R S E D I N G<br>I N F O R M A T I O N<br><br>Title 18, U.S.C., Sec. 371 – Conspiracy to Violate the Clean Air Act Regulations (Title 42, U.S.C., Secs. 7671, 7413) and the American Innovation and Manufacturing Act Regulations (Title 42, U.S.C., Secs. 7675, 7413) |

INTRODUCTORY ALLEGATIONS

1.   The Montreal Protocol on Substances that Deplete the Ozone Layer ("Montreal Protocol") is a treaty adopted in 1987 and ratified by virtually every country. The United States implemented the Montreal Protocol in 1990 by the addition of Subchapter VI to the Clean Air Act, which covers Stratospheric Ozone Protection (42 U.S.C. § 7671, et seq). In Section 7671a(b) of the statute, HCFC 22 is included on the list of Class II ozone depleting substances. Section 7413(c)(1) of the Clean Air

*:*:San Diego/Imperial
9/12/24

Act prohibits knowing violations of any requirement or prohibition relating to stratospheric ozone control found in Subchapter VI.

2. Pursuant to the Environmental Protection Agency ("EPA") regulations that govern ozone depleting substances, on January 21, 2003, it became unlawful for anyone to import a Class II ozone depleting substance during a calendar year in an amount in excess of the consumption allowance held by that person, unless the substances were for use in a process involving their transformation or destruction. 40 C.F.R. § 82.15(b)(1).

3. On January 1, 2020, all consumption allowances for HCFC 22 were eliminated and it became unlawful to import HCFC 22 for any purpose other than for use in a process resulting in their transformation or their destruction. 40 C.F.R. § 82.16(e)(1). No person may sell or distribute, or offer for sale or distribution, any Class II substance that they know, or have reason to know, was imported in violation of this section, except for such actions needed to re-export the controlled substance. 40 C.F.R. § 82.15(g)(8).

4. The Kigali Amendment to the Montreal Protocol, effective on January 1, 2019, was designed to phase down the production and consumption of greenhouse gases such as hydrofluorocarbons ("HFCs"). HFCs are commonly used alternatives to ozone depleting substances, like HCFC 22, which are already controlled under the Montreal Protocol.

5. The American Innovation and Manufacturing ("AIM") Act, 42 U.S.C. § 7675, et seq., was enacted by Congress on December 27, 2020, and authorized the EPA to phase down the production and consumption of

2

HFCs. As part of the AIM Act, Congress added an additional list of regulated substances, at 42 U.S.C. § 7675(c)(1), which includes HFC 32, HFC-125, HFC-134, HFC-134a, HFC 143 and HFC 143a. Refrigerants marketed as HFC 404a, 407a, 407c and 410a contain these regulated substances.

6. Congress directed the EPA to devise a schedule to phase out the production and consumption of these regulated substances. Any such rules or regulations promulgated by the EPA in this regard are enforceable under Section 7413 of the Clean Air Act as if they had been expressly included in Subchapter VI (i.e., Section 7671, relating to ozone depleting substances). 42 U.S.C. § 7675(k)(1)(C).

7. Beginning on January 1, 2022, EPA regulations prohibit any person from importing bulk regulated substances (HFCs), except by expending, at the time of import, a consumption or application-specific allowance issued by the EPA. 40 C.F.R. § 84.5(b). No person may sell or distribute, or offer for sale or distribution, any regulated HFC that was imported illegally. 40 C.F.R § 84.5(f).

8. At all times relevant herein, defendant MICHAEL HART did not have a consumption allowance that would permit him to import regulated HFCs or any other regulated refrigerant into the United States.

## Count 1

### Conspiracy - 18 U.S.C. § 371

9. Paragraphs 1-8 of the Introductory Allegations are incorporated herein as if set forth in full.

10. At least as early as June 26, 2022, and continuing up to and including at least as late as December 18, 2022, within the Southern

3

District of California and elsewhere, defendant MICHAEL HART did knowingly and intentionally conspire, confederate, and agree with others:

    a. To violate a requirement and prohibition of Section 7671 of Title 42 of the United States Code, in violation of Title 42, United States Code, Sections 7671 and 7413; and

    b. To violate a requirement and prohibition of Section 7675 of Title 42 of the United States Code, in violation of Title 42, United States Code, Sections 7675 and 7413;

    11. As a manner and means of the conspiracy, defendant HART communicated with co-conspirators in Mexico to arrange for the purchase of HCFC 22, and other regulated refrigerants containing HFC 32, HFC125, HFC134, HFC134a, HFC 143 and HFC 143a.

    12. As a further manner and means of the conspiracy, defendant HART communicated with co-conspirators in the United States, who placed orders for the regulated refrigerants and purchased them from HART.

    13. As a further manner and means of the conspiracy, defendant HART illegally imported the refrigerants into the United States in his vehicle without declaring them or presenting them for inspection, intending to conceal them from inspectors..

    14. As a further manner and means of the conspiracy, defendant HART offered the regulated refrigerants for sale via OfferUp, Facebook Marketplace and other internet sites.

//
//

OVERT ACTS

15. The following overt acts in furtherance of the conspiracy were committed within the Southern District of California and elsewhere:

   a. On or about June 26, 2022, in San Diego, California, defendant HART advised a co-conspirator that his "gas," was at an address in San Diego.

   b. On or about July 21, 2022, in Tijuana, Mexico, a co-conspirator purchased a cylinder of Aquion 410A and a cylinder of Genetron 22 refrigerant (which contains HCFC 22) at the request of defendant HART.

   c. On or about September 1, 2022, in San Diego, defendant HART sold two cylinders of 404A and one cylinder of 134a refrigerant.

   d. On or about September 14, 2022, in San Diego, defendant HART transferred $620 for the purchase of refrigerants to a co-conspirator in Mexico.

   e. On or about October 3, 2022, in Tijuana, Mexico, a co-conspirator purchased ten cylinders of Freon 404A refrigerant at the request of defendant HART.

   f. On or about October 3, 2022, in San Diego, in response to an inquiry from a customer about the availability and quantity of 401A and R 22 refrigerants, defendant HART sent a message that said, "I can get 15 to 20 tanks per week, R 22 410 the same."

   g. On or about October 7, 2022, in San Diego, defendant HART sold two cylinders of 404A, two cylinders of 410A, two cylinders of R 22 and a cylinder of 407C refrigerant.

5

h. On or about October 10, 2022, in Tijuana, Mexico, a co-conspirator purchased four cylinders of Freon 407C refrigerant at the request of defendant HART.

i. On or about October 12, 2022, in San Diego, defendant HART sold cylinders of illegally imported R 22, 410A and R407C refrigerants.

j. On or about October 13, 2022, in Tijuana, Mexico, a co-conspirator purchased eleven cylinders of Freon 404A, five cylinders of Freon 407C, two cylinders of Freon 22 and one cylinder of R-410A refrigerant at the request of defendant HART.

k. On or about October 16, 2022, defendant HART transferred $1,000 to a co-conspirator in Mexico for the purchase of refrigerants.

l. On or about October 18, 2022, defendant HART entered the United States from Mexico with ten cylinders of Freon 404A which he was aware were in his vehicle, and he did not present for inspection.

m. On or about December 15, 2022, in San Diego, defendant HART sent a message to a co-conspirator regarding the prices and quantities of refrigerants that were available for purchase.

All in violation of Title 18, United States Code, Section 371.

DATED: __9/12/2024__.

TARA K. McGRATH
United States Attorney

*Calen Bennett*
CALEN A. BENNETT
Assistant U.S. Attorney

6